THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INSTITUTE OF BUSINESS AND TECHNOLOGY CAREERS, | ) | |
| | ) | |
| | ) | No. 25 C 2033 |
| *Plaintiff*, | ) | |
| v. | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| ILLINOIS DEPARTMENT OF VETERAN AFFAIRS | ) | |
| | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |
| | ) | |
| | ) | |

## OPINION AND ORDER

On February 26, 2025, Plaintiff Institute of Business and Technology Careers ("IBTC") filed this suit against the Illinois Department of Veteran Affairs ("IDVA"), alleging due process violations under the Fifth Amendment and violations of the federal and Illinois Administrative Procedure Acts. (Dkt. 1). IDVA moves to dismiss for lack of jurisdiction under Rule 12(b)(1) and failure to state a claim under 12(b)(6). (Dkt. 15). For the following reasons, the Court grants IDVA's Motion to Dismiss [15] with prejudice under Rule 12(b)(1).

## BACKGROUND

The following facts were taken from IBTC's Complaint, (Dkt. 1), except where noted.[1]

---

[1] The Court takes judicial notice of the records in the relevant federal and state court actions: *Computer Training Inst. of Chicago, LLC. v. United States Dep't of Veterans' Affs.* ("*CTIC I*"), 2015 WL 1259521 (N.D. Ill. Mar. 17, 2015) (Dkt. 16, Exhibit C) and *Computer Training Inst. of Chicago, LLC. v. State of Ill. Dept. of Veterans Affairs* ("*CTIC II*"), 68 Ill. Ct. Cl. 125 (2016) (Dkt. 16, Exhibit D). The Court also takes judicial notice of the Articles of Amendment filed by CTIC showing CTIC's name change to Future Tech Career Institute LLC ("Future Tech"), (Dkt. 16, Exhibit F), and records from the Illinois Secretary of State showing Future Tech's name change to IBTC. *See* Business Entity Search, Ill. Sec. of State. (last visited Oct. 20, 2025), https://apps.ilsos.gov/businessentitysearch/businessentitysearch. The Court may take judicial notice of matters of the public record, including court records, on a motion to dismiss brought under Rule 12(b)(1). *See Long*, 182 F.3d at 554. *See also Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012) (courts may take judicial notice of public court records); *Sippey v. Cooper*, 2020 WL 7211750, at *8 n. 12 (N.D. Ill. Dec. 7, 2020) (taking judicial notice of business records).

## I.     The GI Bill

This case concerns educational benefits available to veterans under a law commonly known as the GI Bill. Veterans are entitled to certain educational benefits under the GI Bill, but only if the courses they take are approved. *See* 38 U.S.C. § 3672(a). Some courses of study, such as certain accredited college programs, are automatically deemed approved. *See* 38 U.S.C. § 3672(b)(2)(A)(i) ("[T]he following programs are deemed to be approved for purposes of this chapter: (i) An accredited standard college degree program offered at a public or not-for-profit proprietary educational institution that is accredited by an agency or association recognized for that purpose by the Secretary of Education."). Other programs are considered for approval on a case-by-case basis by each state's State Approving Agency ("SAA"). 38 U.S.C. § 3672(a). The Illinois SAA is a division within the IDVA. *See* State Approving Agency G.I. Bill, Ill. Dept. of Veterans Affairs (last visited Oct. 23, 2025), https://veterans.illinois.gov/services-benefits/education/state-approving-agency-g-i-bill.html.

Congress gave each SAA the authority to approve courses "in accordance with the provisions of this chapter and chapters 34 and 35 of this title and such other regulations and policies as the State approving agency may adopt." 38 U.S.C. § 3672(a). After approval, SAAs may conduct a risk-based survey, developed by the United States Department of Veterans' Affairs ("USVA"), of the educational institution offering the approved courses and programs. *See* 38 U.S.C. §§ 3673, 3673A. The scope of each survey is developed by the USVA and the SAA but must cover: rapid increase in veteran enrollment, rapid increase in tuition and fees, student complaints, compliance with Section 3680A of the GI Bill, veteran completion rates, indicators of financial stability, advertising and recruiting practices, and any pending litigation matters involving the educational institution and the federal or state government. 38 U.S.C. § 3672A(b).

2

The USVA or the SAA must give an institution at least two business days of notice before conducting a risk-based survey. 38 U.S.C. § 3672A(d).

SAAs also have the authority to disapprove previously approved courses. 38 U.S.C. § 3679(a) ("Any course approved for the purpose of this chapter which fails to meet any of the requirements of this chapter . . . including failure to comply with a risk-based survey . . . or secure an affirmation of approval by the [SAA] following the survey . . . shall be immediately disapproved by ... the [SAA]"). SAAs are required to notify the USVA of approvals and disapprovals. 38 U.S.C. § 3672(a).

The USVA promulgated regulations concerning the disapproval of courses by SAAs, which provide:

> (a) The appropriate State approving agency or the Secretary (whichever entity approved the program), after approving a program of education or licensing or certification test—
>
> > (1) May suspend the approval of a program of education for new enrollments or for a licensing or certification test for a period not to exceed 60 days to allow the institution to correct any deficiencies if the evidence of record establishes that the program of education or licensing or certification test fails to meet any of the requirements for approval.
> >
> > (2) Will immediately disapprove the program of education or licensing or certification test if any of the requirements for approval are not being met and the deficiency cannot be corrected within a period of 60 days.

38 C.F.R. § 21.4259(a)(1) & (2). Educational institutions are notified of disapproval by a certified or registered letter. 38 C.F.R. § 21.4259(b)(1).

## II. IBTC's Previous Lawsuit

In October 2013, IBTC, operating under the name Computer Training Institute of Chicago ("CTIC"), sued the USVA alleging violations of the federal Administrative Procedure Act ("APA"), violation of its Fifth Amendment rights, breach of contract, and unjust enrichment related to the Illinois SAA's withdrawal of approval for its educational programs. *CTIC I*, 2015 WL

3

1259521. In January 2012, the USVA, through the Illinois SAA, approved several of CTIC's programs for veterans. *Id.* at \*2. Eight months later, the Illinois SAA suspended the programs' approval for 60 days after it received a complaint. *Id.* The Illinois SAA then withdrew its approval of CTIC's programs for various failures to comply with approval requirements. *Id.* at \*2-3. While CTIC's federal case was pending, it filed a related lawsuit in the Illinois Court of Claims against the IDVA alleging breach of contract and unjust enrichment. *CTIC II*, 68 Ill. Ct. Cl. 125. Judge Marovich dismissed CTIC's federal lawsuit with prejudice after finding the USVA was not the proper defendant and the court lacked jurisdiction to review the USVA's decisions with respect to veteran benefits pursuant to the Veterans' Judicial Review Act ("JVRA"). *CTIC I*, 2015 WL 1259521 at \*4-6. The court held that the JVRA divested courts of jurisdiction to review lawsuits challenging veterans' benefits decisions, including cases filed by educational institutions like CTIC. *Id.* at \*5. Subsequently, the Illinois Court of Claims dismissed CTIC's state court case after finding that the complaint was precluded by collateral estoppel based on the federal court's holding that only the Secretary of the USVA has authority to review an SAA's decision. *CTIC II*, 68 Ill. Ct. Cl. at 128-29.

### III.    IBTC's Renewed Application for Benefits

On March 5, 2021, CTIC changed its name to Future Tech Career Institute, LLC ("Future Tech"). On July 1, 2022, Future Tech changed its name to IBTC. In January 2022, while IBTC was operating as Future Tech, the Illinois SAA undertook a risk-based survey of IBTC. (Dkt. 1 at ¶ 10). IBTC alleges that no schools were made aware that such surveys were being conducted and that there were no formal or proposed policies approved by the USVA. (*Id.* at ¶ 11). On February 28, 2022, the Illinois SAA withdrew approval of IBTC's programs. (*Id.*). The decision was based on poor student outcomes and illegal recruitment practices. (*Id.* at ¶ 13). IBTC claims it was denied

an opportunity to respond. (*Id.* at ¶ 12). IBTC also claims that the USVA only provided training and information to schools about risk-based surveys once in September 2022. (*Id.* at ¶ 15). On October 1, 2022, the USVA released standard operating procedures for risk-based reviews. (*Id.* at ¶ 16). On June 24, 2024, the Illinois Board of Higher Education "absolved [IBTC] of the wrongdoing alleged by the SAA." (*Id.* at ¶ 17). IBTC claims that the Illinois SAA continues to deny them the opportunity to apply as a training provider even though it meets the application requirements as an "approved IBHE school." (*Id.* at ¶ 20).

IBTC argues that IDVA's actions "were conducted absent any formal rules, procedures, policies, or proper notice," violating IBTC's "right to due process" and the federal and state APAs. (Dkt. 1 at ¶ 18). IBTC asserts that, because of IDVA's "arbitrary and capricious actions," it suffered financial harm which continues to accrue. (*Id.* at ¶ 19). In Count I, IBTC alleges that IDVA deprived it of its property interest in the economic benefits associated with the approval of its educational programs without due process in violation of the Fifth Amendment. (*Id.* at ¶¶ 22-24). In Count II, IBTC seeks relief under the federal for the SAA's alleged "arbitrary and capricious" decision to revoke approval of its educational programs (*Id.* at ¶¶ 26-30). In Count III, IBTC seeks the same relief under the Illinois APA. (*Id.* at ¶¶ 32-26). As relief, IBTC seeks: (1) a declaratory judgement that the IDVA's withdrawal of Plaintiff's programs violated due process, (2) reversal of the SAA Administrator's decision to withdrawal the programs from GI Bill funding eligibility, and (3) restitution for both the alleged unjust enrichment of the IDVA and the business losses IBTC suffered because of the withdrawal. (*Id.* at 5-6, 8).

## LEGAL STANDARD

Subject matter jurisdiction impacts the Court's "fundamental power to hear [a] case at all." *Craig v. Ontario Corp.*, 543 F.3d 872, 877 (7th Cir. 2008). Therefore, the Court must dismiss a

complaint if subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(b)(1). The Court addresses subject matter jurisdiction challenges first, as dismissal under Rule 12(b)(1) renders all other arguments moot. *See Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998). When, as here, a defendant makes a factual challenge to jurisdiction, courts may look beyond the complaint to determine if subject matter jurisdiction exists. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

To survive a Rule 12(b)(6) motion, "a plaintiff's complaint must contain allegations that plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation modified). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts must construe the complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Legal conclusions or bare conclusory allegations, however, are insufficient to state a claim." *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 589 (7th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

## DISCUSSION

IDVA argues that IBTC's Complaint must be dismissed for four reasons. First, it argues that the Eleventh Amendment precludes IBTC's claims because it protects state agencies and applies regardless of the relief sought. (Dkt. 16 at 7). Second, it argues that the Court lacks subject matter jurisdiction over IBTC's Complaint pursuant to the VJRA. (*Id.*). IDVA further asserts that IBTC is precluded from litigating the issue of subject matter jurisdiction under the doctrine of collateral estoppel because this issue was resolved in *CTIC I*. (*Id.* at 7-8). Third, IDVA contends

6

that, even if jurisdiction exists, IBTC fails to state a valid claim for a due process violation because (1) the IDVA is not a "person" under §1983, (2) the claims are time-barred, and (3) IBTC lacks a protected interest in theoretical government contracts with government entities of its choice. (*Id.* at 15-17). Finally, IDVA argues that the federal APA does not apply to state agencies like the IDVA, and the IAPA claim is barred by the Eleventh Amendment. (*Id.* at 18-19). As explained further below, IBTC's claims must be dismissed for lack of jurisdiction pursuant to the JVRA and the doctrine of collateral estoppel. The Court therefore need not address the IDVA's Eleventh Amendment or Rule 12(b)(6) arguments.

First, even assuming all allegations in the Complaint are true and making all inferences in IBTC's favor, the Court lacks subject matter jurisdiction over IBTC's claims pursuant to the JVRA. The JVRA provides:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or dependents or survivors of veterans. Subject to subsection (b), *the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court*, whether by an action in the mature of mandamus or otherwise.

38 U.S.C. § 511(a) (emphasis added). Accordingly, the court in *CTIC I* held that federal courts have no jurisdiction to review decisions made under laws affecting veteran benefits. *CTIC I*, 2015 WL 125921, at *5. The circuits "unanimously agree" with this holding. *See Karmatzis v. Hamilton,* 553 Fed. Appx. 617, 618–19 (7th Cir. 2014) (collecting cases). Thus, because IBTC is challenging a decision by the Illinois SAA that affects the provision of veteran benefits, the Court lacks jurisdiction to hear IBTC's claims regardless of the fact that IBTC is bringing them and not individual veterans. *CTIC*, 2015 WL 1259521, at *5 ("The Court has no more jurisdiction when CTIC files suit seeking the benefits than if the veterans, themselves, filed suit seeking those benefits."). Further, as the *CTIC I* court held when dismissing IBTC's identical due process claim

7

in that suit, the fact that IBTC "dresses up [Count 1] as a due process claim makes no difference." *CTIC*, 2015 WL 1259521, at *5 (citing *Karmatzis*, 533 Fed.Appx. at 619).

Second, IBTC's Complaint must be dismissed for an alternative reason. IDVA argues that collateral estoppel (or issue preclusion) requires dismissal of IBTC's lawsuit because the same issue, whether the VJRA deprives courts of jurisdiction to hear challenges to veterans' benefits decisions, has already been decided in IBTC's prior suit, *CTIC I*. (Dkt. 16 at 10). IBTC does not address or make any argument in response to this. (Dkt. 30). By failing to do so, IBTC has effectively conceded that collateral estoppel bars its Complaint. A party effectively abandons or waives a claim by not responding to arguments made in a motion to dismiss. S*ee Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011) (affirming district court's decision that the plaintiff had forfeited his opportunity to oppose the defendants' motions to dismiss by failing to respond to the arguments in support of those motions); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the [plaintiffs] have done here—results in waiver."); *Navarro v. City of Aurora, Illinois*, 2022 WL 1988990, at *2 (N.D. Ill. June 6, 2022) (plaintiff forfeited objections to collateral estoppel arguments by failing to respond to them). Accordingly, IBTC is precluded by relitigating the same jurisdictional issue decided in *CTIC I*, and the Complaint is dismissed in the alternative for this reason.

## **CONCLUSION**

For the reasons set forth above, the IDVA's Motion to Dismiss [15] is granted. IBTC's Complaint is dismissed with prejudice for lack of jurisdiction.

8

Virginia M. Kendall
United States District Judge

Date: November 4, 2025